[Nos. 12016–0–II; 11763–1–II. Division Two. May 15, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. WALLACE
J. GREENWOOD, *Appellant*.

THE STATE OF WASHINGTON, *Appellant*, v. WESLEY
J. WEYLAND, *Respondent*.

*Charles H. Williams,* for appellant Greenwood (appointed counsel for appeal).

*John J. Sinclair,* for respondent Weyland (appointed counsel for appeal).

*Patrick D. Sutherland, Prosecuting Attorney,* and *Kenneth L. Nichols, Deputy,* for the State.

PETRICH, J.—Wallace Greenwood appeals his conviction of first degree escape. The State appeals the dismissal of a first degree escape charge against Wesley Weyland. Because the cases involve similar issues under the time for trial rule, CrR 3.3, they have been consolidated on appeal. We hold that there was no violation of the rule in either case and, therefore, affirm Greenwood's conviction and reverse the dismissal of the charge against Weyland.

Greenwood was incarcerated at Cedar Creek Corrections Center in Thurston County on a felony conviction when he escaped on July 18, 1987. On September 14, 1987, he was arrested and held in jail in Pierce County on assault charges. On September 17, 1987, an information charging the offense of first degree escape, which is the offense subject to appeal, was filed in Thurston County. On November

16, 1987, Greenwood entered a guilty plea on the assault charge in Pierce County. He was held continuously in the Pierce County Jail until he was transferred to the Washington Corrections Center at Shelton on December 29, 1987.

Greenwood's first appearance in the Thurston County Superior Court on the escape charge was at his arraignment on February 9, 1988. On the date of arraignment, 145 days had elapsed from the date the information was filed; 85 days had elapsed from the date he pleaded guilty to the assault charges in Pierce County. On February 17, 1988, a trial date was set for April 4, 1988. Greenwood moved for dismissal of the escape charge on March 16, 1988, based on a violation of CrR 3.3. The trial court denied the motion and Greenwood was later convicted of first degree escape.

Weyland was also incarcerated at Cedar Creek Corrections Center on felony convictions when he escaped with Greenwood. On August 3, 1987, he was arrested in Walla Walla and placed in the Washington State Penitentiary. The information charging him with first degree escape, the offense now on appeal, was filed in Thurston County on September 17, 1987. Weyland's first appearance in court was at his arraignment on January 20, 1988, 125 days from the date the information was filed. On February 11, 1988, the charge was dismissed with prejudice pursuant to Weyland's motion based on a violation of CrR 3.3.

Greenwood and Weyland argue that the delay between the date the informations were filed and the dates of their arraignments requires application of the rule set forth in *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976). In *Striker*, the Supreme Court stated that "where, contrary to the expectation expressed in the rules, a delay has occurred between the filing of the information and the bringing of the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed." 87 Wn.2d at 875. At the time of *Striker*, CrR 3.3(b) provided that a "criminal charge shall be brought to trial within 90 days following the preliminary appearance." Because neither

Greenwood nor Weyland was brought to trial within 90 days of the date the informations were filed,[1] they contend dismissal of their charges is required.

We disagree that *Striker* applies to either case in light of our interpretation of CrR 3.3 as it has been amended since *Striker* was decided. The rule was amended in 1978, 90 Wn.2d 1149, and in 1980, 93 Wn.2d 1125, at which time it was renumbered as CrR 3.3(c)(1). The current rule for cases filed directly in superior court provides as follows:

> If the defendant is detained in jail or subject to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed directly in superior court. If the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment.

CrR 3.3(c)(1).

The amended rule now measures trial time from the date of arraignment, rather than the date of preliminary appearance. It also provides for a precise determination of the proper date of arraignment, and has separate provisions for defendants who are in jail or subjected to conditions of release and for those who are not.

Under rules of statutory construction, which govern construction of court rules, "[a] change in legislative intent is presumed when a material change is made in a statute." *State v. Baxter*, 45 Wn. App. 533, 540, 726 P.2d 1247 (1986), *overruled on other grounds in State v. Hanson*, 52 Wn. App. 368, 760 P.2d 941, *review denied*, 111

---

[1]Greenwood acknowledges that, if we are persuaded by his argument, trial time in his case should be measured from November 16, 1987, the date he pleaded guilty to assault charges in Pierce County. CrR 3.3(g)(2) excludes from the speedy trial calculations the entire period that a defendant is involved in a trial on another matter. *State v. Bernhard*, 45 Wn. App. 590, 598, 726 P.2d 991 (1986), *review denied*, 107 Wn.2d 1023 (1987).

Wn.2d 1030 (1988). Faced with the material changes in CrR 3.3 since *Striker* was decided, we must discern the meaning and proper application of CrR 3.3 as it now reads.

The first determination under CrR 3.3(c)(1) is the applicable speedy trial period. In *State v. Bernhard,* 45 Wn. App. 590, 594, 726 P.2d 991 (1986), *review denied,* 107 Wn.2d 1023 (1987), the court held that the 90–day speedy trial period applies to an accused detained on another charge or a prior conviction. As the basis for its decision, the *Bernhard* court quoted the following from *State v. Royster,* 43 Wn. App. 613, 617–18, 719 P.2d 149 (1986):

> [A] defendant detained both for current *and* unrelated charges is not prejudiced or deprived of liberty by a longer detention . . . on the current charges because he would not, due to the unrelated charges, be free in any event. This reasoning is persuasive when considered in light of the basic purpose of the speedy trial rule which is to ensure that an unconvicted individual who is ineligible to obtain a pretrial release is subject to minimum pretrial confinement. However, absent some potential deprivation resulting from the detention for current charges, this purpose is not served, and there is no reason to expedite the case within a shorter time period.

(Citations omitted.) *Bernhard,* at 594.

The 90–day speedy trial rule was applied to the defendant in *Bernhard* because he was being held in custody on other charges. Similarly here, Greenwood and Weyland were held in custody on their prior convictions during the time the escape charges were pending. In addition, Greenwood was held in Pierce County Jail on unrelated assault charges. We choose to follow the reasoning in *Bernhard* and hold that the 90–day speedy trial period is applicable to both Greenwood and Weyland.

The next determination to be made under CrR 3.3(c)(1) is the proper arraignment date from which trial time shall be determined. For defendants detained in jail, arraignment must occur within 14 days from filing. CrR 3.3(c)(1). However, a second rule provides that "[i]f the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after

that appearance in superior court which next follows the filing of the information or indictment." CrR 3.3(c)(1).

Although the *Bernhard* court applied the first rule to its facts, we believe that the reasons for which the 90–day speedy trial rule is applied to defendants detained on other charges also support application of the second rule governing the date of arraignment for such defendants. The critical question concerns the effect, if any, of the delay between the dates the informations were filed and the defendants' next court appearances, which were at their arraignments.

In *State v. Miffitt,* 56 Wn. App. 786, 785 P.2d 850 (1990), Division One addressed the absence in CrR 3.3(c)(1) of a provision for when defendants, either not arrested or released without conditions, must be brought before the court. The court resorted to CrR 4.1 to fill in the gap. It held that it is the duty of the State to bring a charged defendant, who is not arrested or is released without conditions, before the court promptly for arraignment. However, the court held that the State's duty would be fulfilled so long as it used good faith and due diligence in attempting to bring the defendant before the court. The court held that *Striker* could be invoked when a defendant claiming undue delay could prove a lack of good faith and due diligence. In that situation, the speedy trial clock would commence the "day on which the State should have secured the defendant's appearance before the court in the exercise of good faith and due diligence." *Miffitt,* 56 Wn. App. at 793.

While we are mindful of the mandate of CrR 4.1(a), relied on in *Striker,* that a defendant be arraigned promptly after the information has been filed, we disagree with the *Miffitt* court's interpretation of CrR 3.3 as it now reads. The post–*Striker* amendment to CrR 3.3 indicates an intention to remove from trial time calculations the period between the date the information is filed and the date of the defendant's next court appearance when the defendant is not detained or subject to conditions of release on the current charge. For purposes of compliance with the literal

requirements of the rule, as long as arraignment takes place within 14 days of the defendant's next court appearance following the filing of the information, the length of time between the filing and the next court appearance is immaterial.

██ To interpret the rule so as to require the same time for trial calculations for one detained or subject to conditions of release would make a substantial segment of the rule superfluous. This we cannot do. Court rules must be construed so that "no word, clause or sentence is superfluous, void or insignificant." *State v. Durham*, 13 Wn. App. 675, 679, 537 P.2d 816 (1975).

We are not here concerned with the constitutional right to a speedy trial. Rather, we are dealing with a rule which demands strict compliance and, if not followed, requires dismissal of the charges. *State v. White*, 94 Wn.2d 498, 501, 617 P.2d 998 (1980). Prejudice is not required to support a dismissal where trial is held beyond its time constraints. *State v. Williams*, 85 Wn.2d 29, 32, 530 P.2d 225 (1975).

 The time for trial rule is not of constitutional magnitude and its violation is not necessarily a constitutional deprivation. *State v. Fladebo*, 113 Wn.2d 388, 393, 779 P.2d 707 (1989). A criminal defendant's assurance of a speedy trial is guaranteed by the federal and state constitutions. U.S. Const. amend. 6; Const. art. 1, § 22 (amend. 10). A balancing test has been devised to determine when the defendant's constitutional rights to a speedy trial have been violated. *Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). Included in such a test is the requirement of some prejudice to the defendant. If the court rules governing trial time do not apply to a potential speedy trial situation, the constitutional protection provides the defendant's ultimate safeguard. *Cf. Fladebo*, 113 Wn.2d at 393. In this case neither defendant has made a showing of prejudice that would require dismissal of the charges on constitutional grounds.

We deem it insignificant that neither defendant actually appeared in court before his arraignment. If a criminal

defendant who is not detained in jail and not subjected to conditions of release, or who is being held on other charges or prior convictions, does not appear in court following the filing of the information until his arraignment, trial time is properly measured from the date of arraignment under CrR 3.3(c)(1). Here, Greenwood was arraigned on February 2, 1988, and tried 54 days later on April 4, 1988, well within the speedy trial period. Weyland was arraigned on January 20, 1988. A proper trial date could have been set within 90 days of his arraignment.

As a result of our decision that Greenwood's and Weyland's arraignment dates did not violate CrR 3.3, we find it unnecessary to address the issue of the sufficiency of their objections to their arraignment dates.

We hereby affirm Greenwood's conviction. We reverse the dismissal of the charge against Weyland and remand for further proceedings.

ALEXANDER, C.J., and WORSWICK, J., concur.

Review granted at 115 Wn.2d 1008 (1990).