[No. 23099-9-I. Division One. June 25, 1990.]

THE STATE OF WASHINGTON, *Petitioner,* v. GREGORY DUBOIS, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Donald Raz* and *Pamela Mohr, Deputies,* for petitioner.

*Robert J. Hall,* for respondent.

COLEMAN, C.J.—The State of Washington appeals the Superior Court's order affirming the District Court's dismissal of the charge of indecent exposure against Gregory Dubois, arguing that amendments to RCW 9A.88.010 make indecent exposure a crime even if it is not committed in public. We reverse.

On December 27, 1987, 16–year–old Cindy Slivkoff was baby sitting at the home of respondent, Gregory Dubois. Dubois returned home at approximately 9 p.m. and asked where his wife was. Slivkoff replied that his wife had gone out for the evening. Dubois left the room but returned a few minutes later, naked. Slivkoff was startled and looked away. Dubois placed his hands on the couch behind where Slivkoff was sitting and asked when his wife would be home. Slivkoff told him between 9 and 11 p.m. Dubois then left the room. Slivkoff did not see him again that evening.

On December 29, 1987, Dubois was charged with one count of public indecency under RCW 9A.88.010. On February 11, 1988, the State filed an amended complaint, charging Dubois with indecent exposure under the same statute. The statute had been amended in 1987 and its title changed from public indecency to indecent exposure.

On March 14, 1988, Dubois appeared for trial and moved to dismiss the charge against him. He argued that under *State v. Sayler*, 36 Wn. App. 230, 673 P.2d 870 (1983), a defendant must expose himself in public to violate RCW 9A.88.010. The District Court granted Dubois's motion to dismiss. On appeal to superior court, the court found that the amendments to RCW 9A.88.010 had not eliminated the requirement that a defendant expose himself in public to violate the statute. The Superior Court, therefore, affirmed the District Court's decision to dismiss the charge against Dubois. On December 9, 1988, this court granted the State's motion for discretionary review.

Petitioner argues that the Superior Court erred when it affirmed the trial court's dismissal of the indecent exposure charge. We agree.

Respondent was charged under RCW 9A.88.010. Prior to July 26, 1987, that statute read as follows:

> **Public indecency.** (1) A person is guilty of public indecency if he makes any open and obscene exposure of his person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm.

Former RCW 9A.88.010. In *State v. Sayler, supra,* the court found that the public indecency statute restricted only obscene exposure of one's person in a public place. Consequently, the court held that Sayler, who exposed himself to two boys in his garage, did not violate the statute.

Following the decision in *Sayler,* the Legislature amended the statute as follows:

> **Indecent exposure.** (1) A person is guilty of indecent exposure if he intentionally makes any open and obscene exposure of his person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm.

(2) Indecent exposure is a misdemeanor unless such person exposes himself to a person under the age of fourteen years in which case indecent exposure is a gross misdemeanor.

RCW 9A.88.010. In the final bill report that accompanied the amendments to the statute, the House and Senate Committees on the Judiciary synopsized the impetus for the legislation.

**Background:** A 1983 Washington Court of Appeals decision held that, under the current statute, an exposure of one's person must occur in a public place to constitute the crime of public indecency. It remains doubtful whether an individual can be convicted of public indecency where the offense occurs in a private place.

**Summary:** The crime of public indecency is renamed as the crime of indecent exposure. For a person to be guilty of the crime of indecent exposure, the exposure must be made intentionally.

A police officer with probable cause to believe that a person has committed or is committing an act of indecent exposure may arrest that person without a warrant.

House and Senate Comms. on Judiciary, *Final Bill Report Senate Bill 6012*, 50th Legislature (1987).

Although respondent was charged after the 1987 amendments to the statute had gone into effect, the original complaint against him described the crime as "public indecency." The State, therefore, filed an amended complaint accusing respondent of the crime of "indecent exposure." The complaint alleged

[t]hat the defendant, Gregory Alan DuBois, in King County, Washington, knowing such conduct was likely to cause reasonable affront and alarm, did make an open and obscene exposure of his person to Cindy Slivkoff on or about December 27, 1987.

Respondent argued, and the District and Superior Courts agreed, that despite the amendments to the statute, the accused still must obscenely expose himself in a public place to violate RCW 9A.88.010. In contrast, petitioner argues that the change of the title of the statute and the final bill report indicate that the Legislature intended to remove the requirement that the exposure occur in a public place.

 This court must construe the meaning of RCW 9A.88.010 because the statute, as amended, is ambiguous. *See Rhoad v. McLean Trucking Co.,* 102 Wn.2d 422, 426, 686 P.2d 483 (1984) (an unambiguous statute with a clear and reasonable meaning is not subject to judicial construction). The Legislature created the ambiguity when it changed the title from "public indecency" to "indecent exposure", but did not remove the word "open," which was interpreted in *Sayler* to mean "public." Nevertheless, following general rules of statutory construction, it is clear that the Legislature intended to prohibit indecent exposure of one's person in public or private places.

First, amended statutes should be interpreted in light of court decisions that may have prompted the amendments. *See State v. Calderon,* 102 Wn.2d 348, 351, 684 P.2d 1293 (1984) (courts presume that Legislature is familiar with past judicial interpretation of its enactments); 1A C. Sands, *Statutory Construction* § 22.29 (4th ed. 1985). Courts also may consider the reports of legislative committees that accompanied the amendments when the intent of the Legislature is not clear from the language of the statute. *Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 459, 645 P.2d 1076 (1982); C. Sands, at 263. Furthermore, it is presumed that an amendment indicates a change in legal rights. *Rhoad,* at 427 (a change in legislative intent is presumed from a material change in a statute); C. Sands, at 265. To determine the extent of the change, courts should compare the original statute with the amendment to determine what defect the amendment was intended to remedy. *State v. Alberts,* 51 Wn. App. 450, 453, 754 P.2d 128, *review denied,* 111 Wn.2d 1006 (1988); C. Sands § 22.32. Provisions of the original act that are in irreconcilable conflict with the amendment are impliedly repealed. C. Sands, at 279.

In this case, the final committee report on Senate Bill 6012, which amended RCW 9A.88.010, referred to *Sayler* and acknowledged that in light of that decision, it was

unclear whether or not indecent exposure could be committed in a private place. In response, the Legislature removed the word "public" from the title of the statute. Although attempts also were made to remove the word "open", for some reason that is not apparent from the legislative history, the House and Senate could not agree on that change. *See* Senate Bill 6012, 50th Legislature (1987), at 1333. Nevertheless, it is apparent that the Legislature intended to make it possible to indecently expose oneself in a private place.

As petitioner noted, the court in *State v. Sayler,* 36 Wn. App. 230, 673 P.2d 870 (1983) found it significant that the Legislature used the word "public" in the 1975 statute. Similarly, it is significant that the Legislature in 1987 chose to remove the word "public." In light of the reference to *Sayler* in the Final Bill Report, the reasonable conclusion is that the Legislature intended to change the result of the *Sayler* decision.

 Respondent also argues that even if private indecent exposure is now illegal, the judgment should be affirmed because the amended complaint did not allege that he "intentionally" exposed himself and, thus, the complaint was constitutionally defective. Respondent raises the argument for the first time on appeal. This court need not address the issue, however, because under CrRLJ 2.4(f), a complaint may be amended "at any time before verdict or finding if substantial rights of the defendant are not prejudiced." There has been no trial in this case. The complaint, therefore, may be amended unless substantial rights of respondent would be prejudiced. This court is not in a position to decide that factual question. Therefore, the issue should be decided by the trial court upon remand.

WEBSTER and BAKER, JJ., concur.