[Nos. 57208-9, 57233-0, 57318-2. En Banc. February 4, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. WALLACE J. GREENWOOD, ET AL, *Petitioners*.

THE STATE OF WASHINGTON, *Respondent*, v. WARREN EARL THOMPSON, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. BRIAN K. LANDEY, *Petitioner*.

*Charles H. Williams,* for petitioner Greenwood.

*John J. Sinclair,* for petitioner Weyland.

*Warren Earl Thompson,* pro se, and *Rick L. Hansen* (of *Rakow & Hansen*), for petitioner Thompson.

*Mark V. Watanabe,* for petitioner Landey.

*Patrick D. Sutherland, Prosecuting Attorney for Thurston County,* and *Kenneth L. Nichols, Deputy; Gerald A. Matosich, Prosecuting Attorney for Klickitat County,* and *Richard Lynn Walker, Deputy; Norm Maleng, Prosecuting Attorney for King County,* and *Lee D. Yates, Senior Trial Attorney,* for respondent.

JOHNSON, J. — The common issue in these four consolidated cases is whether *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976) continues to apply to Superior Court Criminal Rule 3.3. CrR 3.3 provides time limitations that must be

observed for ensuring criminal defendants are brought to trial in a timely manner. In *Striker,* the court held CrR 3.3 could be violated if a long and unnecessary delay occurs in initially bringing a defendant who is amenable to process before the court to answer for a charge. *Striker,* at 875. We hold *Striker* continues to apply to CrR 3.3, and we take this opportunity to clarify how *Striker* applies in light of CrR 3.3's post-*Striker* amendments.

We will first explain why *Striker* continues to apply to CrR 3.3, and we will then apply this conclusion to the facts of the four consolidated cases.

## I
### *STRIKER* AND CrR 3.3

This case presents a simple question in the complex context of CrR 3.3. CrR 3.3 has a gap in its time for trial provisions: the text of CrR 3.3 does not address the time requirements for initially bringing defendants before the court who are not in jail or subject to conditions of release. *Striker* corrected this problem under a prior version of CrR 3.3, which also had a similar gap, to bring this time period within the rule's time for trial requirements. We now analyze whether *Striker* continues to correct this problem under the present CrR 3.3.

Under the present CrR 3.3, defendants who are not detained in jail or subject to conditions of release pending arraignment:

> shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment.

CrR 3.3(c)(1). CrR 3.3 further provides defendants who remain out of custody must then be brought to trial not later than 90 days after their arraignment date. CrR 3.3(c)(1). The text of CrR 3.3 thus allows for a total of 104 days before these defendants must be brought to trial: a 14-day period from the defendant's first appearance before the court to the defendant's arraignment date, and then an additional 90-day period from this arraignment date to the day of trial.

When a defendant is not arraigned within CrR 3.3(c)(1)'s time limits, the court will establish a constructive arraignment date based on "the last day the defendant could properly have been arraigned." CrR 3.3(c)(4). The last day defendants who are neither in custody nor subject to conditions of release can properly be arraigned is 14 days after their first appearance in court. CrR 3.3(c)(1). If these defendants remain out of custody pending trial, they must then be brought to trial within 90 days of this constructive arraignment date. CrR 3.3(c)(4). The constructive arraignment date for such defendants thus depends on the date these defendants make their *first appearance* in court. If individuals are not informed in a timely manner that they have become criminal defendants, and not directed to appear in court to answer for the charge, a long delay could occur before they ever make their first appearance in court. CrR 3.3 addresses the problem of untimely *arraignments,* but it does not address the problem of long and unnecessary delays in initially bringing defendants before the court.[1]

This brings us to the question of whether this court's decision in *Striker* continues to apply to CrR 3.3. In *Striker,* the State charged the defendants with crimes, but it did not promptly inform them of this fact even though both defendants were amenable to process. A long delay occurred before these defendants first appeared before the court to answer for the charges, and this delay was not attributable to any fault or connivance on the defendants' part.

The version of CrR 3.3 in effect at the time the court decided *Striker* provided: "[a] criminal charge shall be brought to trial within 90 days following the [defendant's] preliminary appearance". *Striker,* at 871 (quoting former CrR 3.3(b)). The rule was silent, however, regarding the effect of long and unnecessary delays in informing individuals that charges

---

[1]CrR 3.3 does, however, address this problem with respect to defendants who *are* in jail or subject to conditions of release pending arraignment. CrR 3.3(c)(1) provides that these defendants must be arraigned not later than 14 days after the date *the information is filed,* rather than within 14 days after their first appearance in court.

had been filed against them. Former CrR 3.3 was thus virtually identical to the present CrR 3.3 in this respect: neither version specifies the applicable time limits for initially bringing defendants before the court to answer for the charges filed against them.

The court in *Striker* noted while CrR 3.3 was silent regarding the applicable time limits during this period, the criminal rules explicitly require defendants be promptly arraigned once charges have been filed. *Striker,* at 871 (citing CrR 4.1). Individuals will not be promptly arraigned unless they have first been informed in a timely manner that they have become criminal defendants and that they must appear in court as a result. The court in *Striker* accordingly reasoned the rules did *not* authorize a period of delay in initially bringing defendants before the court to answer for the charges filed against them. *Striker,* at 871-72.

In order to provide a remedy for this problem, the court in *Striker* held where a long and unnecessary delay occurs in bringing a defendant who is amenable to process before the court, CrR 3.3's 90-day trial period is deemed to commence at the time the information was filed, instead of when the defendant finally appeared before the court to answer for the charge. *State v. Striker,* 87 Wn.2d 870, 875, 557 P.2d 847 (1976). The delay that occurred in *Striker* prevented the defendants from receiving a trial within this 90-day time period. *Striker,* at 875. CrR 3.3(i) requires a court to dismiss a charge with prejudice where the defendant has not been brought to trial within CrR 3.3's time limitations, and the court accordingly dismissed with prejudice the charges against the defendants. *Striker* thus provides an incentive for the prosecution to bring defendants who are amenable to process before the court in a timely manner to answer for the charges filed against them.

CrR 3.3 has been amended several times since this court's 1976 decision in *Striker. See* 87 Wn.2d 1102 (1976); 90 Wn.2d 1149 (1978); 93 Wn.2d 1123 (1980); 106 Wn.2d 1114, 1116 (1986); 117 Wn.2d 1106 (1991). Division Two of the Court of Appeals held CrR 3.3's 1980 amendment super-

seded this court's decision in *Striker. See State v. Greenwood,* 57 Wn. App. 854, 857, 790 P.2d 1243 (1990). Divisions One and Three, however, continue to apply *Striker* principles to CrR 3.3. *See State v. Landey,* 57 Wn. App. 527, 789 P.2d 314 (1990); *State v. Thompson,* 57 Wn. App. 688, 790 P.2d 180 (1990). While CrR 3.3 was also amended in 1986 and 1991, these amendments did not materially alter CrR 3.3 for the purpose of our present analysis. This case thus involves interpretation of the present CrR 3.3, and the effect of the rule's 1980 amendment on this court's decision in *Striker.*

■ When interpreting court rules, the court approaches the rules as though they had been drafted by the Legislature. *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). We thus apply principles of statutory construction in interpreting CrR 3.3. *McIntyre,* at 622; *State ex rel. Schillberg v. Everett Dist. Justice Court,* 90 Wn.2d 794, 797, 585 P.2d 1177 (1978).

■ In *Striker,* the court construed the version of CrR 3.3 in effect in 1976. Once a court rule has been construed by this court, that construction operates as if it were originally written into the rule. *See In re Moore,* 116 Wn.2d 30, 37, 803 P.2d 300 (1991) (quoting *State v. Darden,* 99 Wn.2d 675, 679, 663 P.2d 1352 (1983)). The court's decision in *Striker* thus operates as if it were originally written into the *1976* version of CrR 3.3.

The 1980 amendment to CrR 3.3 altered the rule by providing a defendant's time for trial calculation begins when the defendant is arraigned, rather than when the defendant first appears before the court. *See* former CrR 3.3(c)(1). The amendment also added the constructive arraignment provision mentioned above. The 1980 amendment does not contain any provisions regarding the period of time prior to a defendant's first appearance in court when the defendant is not in jail or subject to conditions of release. Nor does the amendment make any reference to *Striker.*

■ When interpreting an amendment, a material change in the language of the original act is presumed to indicate a

change in legal rights. 1A N. Singer, *Statutory Construction* § 22.30 (4th ed. 1985). However, courts do not favor the repeal of settled principles of law *by mere implication. State v. Calderon,* 102 Wn.2d 348, 351, 684 P.2d 1293 (1984). The intent to overturn settled principles of law will therefore not be presumed unless:

> an intention to do so plainly appears by *express declaration* or *necessary or unmistakable implication,* and the language employed [in the amendment] admits of no other reasonable construction. . . .

(Italics ours.) *Ashenbrenner v. Department of Labor & Indus.,* 62 Wn.2d 22, 26, 380 P.2d 730 (1963) (quoting 50 Am. Jur. *Statutes* § 340, at 333 (1944)); *see also* 1A N. Singer § 22.30. The 1980 amendment to CrR 3.3 does not make *any* reference to the court's decision in *Striker,* or to the problem at issue in that case. The amendment thus does not *expressly* declare an intention to supersede *Striker.*

The remaining question is whether the intent to supersede *Striker* is *necessarily implied* from the 1980 amendment. Provisions of the original act that are in *irreconcilable conflict* with the amendment are impliedly repealed. 1A N. Singer § 22.32; *State v. Dubois,* 58 Wn. App. 299, 303, 793 P.2d 439 (1990). The present CrR 3.3 does not make any alternative provisions regarding the time period prior to a defendant's first appearance before the court where the defendant is not in jail or subject to conditions of release. Nor does the present CrR 3.3 indicate in any other way that *Striker* does not deal correctly with this particular time period. In view of this situation, the court's decision in *Striker* cannot be deemed as being in irreconcilable conflict with the present CrR 3.3.

Other considerations also lead us to the conclusion that *Striker* continues to apply to CrR 3.3. Court rules, like statutes, should be construed to foster the purposes for which they were enacted. *In re McGlothlen,* 99 Wn.2d 515, 522, 663 P.2d 1330 (1983). The purpose behind CrR 3.3 is to provide "a *prompt* trial for the defendant once prosecution is

initiated". *State v. Edwards,* 94 Wn.2d 208, 216, 616 P.2d 620 (1980). The 1980 amendment to CrR 3.3 does not evidence an intent to alter this basic purpose. A prosecution is initiated once an information is filed, and not when the defendant is finally brought before the court to answer for the charge. The present CrR 3.3, like all prior versions of the rule, does not authorize long and unnecessary periods of delay in bringing defendants before the court to answer for the charges filed against them. *Striker* thus continues to apply to CrR 3.3 to foster the rule's purpose of providing for prompt trials once a prosecution is initiated.

■ The criminal rules as a whole also indicate that *Striker* continues to apply to CrR 3.3. An act must be construed as a whole, considering all provisions in relation to each other and harmonizing all to ensure proper construction of each provision. *In re Piercy,* 101 Wn.2d 490, 492, 681 P.2d 223 (1984). CrR 4.1, which was relied on by the court in *Striker,* continues to require that *"[p]romptly* after the indictment or information has been filed, the defendant shall be arraigned thereon in open court". (Italics ours.) CrR 4.1(a). A defendant who is not promptly informed of the charge, and thus not brought before the court in a timely manner, will not be promptly arraigned. CrR 4.1's explicit requirement that defendants be promptly arraigned would be rendered superfluous if CrR 3.3 were interpreted as allowing for long, unnecessary delays in initially bringing defendants before the court. The court's holding in *Striker* aids in assuring individuals are promptly informed that criminal charges have been filed against them so they may be brought before the court and arraigned in a timely manner as required under CrR 4.1.

*Striker* also furthers the goal behind CrR 1.2. This rule provides the criminal rules "shall be construed to secure . . . the elimination of unjustifiable expense and delay". CrR 1.2. Our construction of CrR 3.3 would conflict with this impor-

tant principle if we construe the rule as allowing for unnecessary delays in initially bringing a defendant before the court. The court adheres:

> to the basic principle underlying [CrR 3.3], that it is in the best interest of all concerned that criminal matters be tried while they are fresh.

*State v. White,* 94 Wn.2d 498, 501, 617 P.2d 998 (1980). We must remember prior to CrR 3.3's original enactment, unjust results routinely occurred.

> Then, it was commonplace for trials to be delayed for many months. Witnesses became unavailable, memories dimmed, evidence disappeared, and charges were required to be reduced or dismissed.

*White,* at 502. *Striker* aids in preventing such delays and thus furthers the goals behind CrR 1.2 and CrR 3.3.

Finally, CrR 1.1 is also relevant for our analysis of CrR 3.3. CrR 1.1 provides the criminal rules "shall be interpreted and supplemented in light of . . . the decisional law of this state". Pursuant to this principle, *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976) continues to supplement CrR 3.3. *Striker* promotes the basic purpose behind CrR 3.3 of providing for prompt trials once a prosecution is initiated. The continued application of *Striker* also reconciles CrR 3.3 with CrR 4.1's requirement that defendants be promptly arraigned, as well as with CrR 1.2's requirement that the criminal rules be construed to eliminate unnecessary delay. Court rules should be harmonized rather than construed in a manner that renders one superfluous. *Emwright v. King Cy.,* 96 Wn.2d 538, 543, 637 P.2d 656 (1981). CrR 3.3 should therefore be construed as *not* allowing for unnecessary delays in bringing defendants who are amenable to process before the court to answer for the charges filed against them. We therefore hold *Striker* continues to apply to the present CrR 3.3, and the Court of Appeals determination to the contrary in *Greenwood* is overruled. We will now apply this conclusion to the facts of the four consolidated cases.

## II
### STATE V. LANDEY

The following facts are relevant for our inquiry.

| DATE | TYPE OF ACTIVITY |
| --- | --- |
| 12/1/87 | Landey's car hit a stationary vehicle that Glen McCuen, a tow truck operator, was preparing to tow away. McCuen was severely injured and taken to the hospital. Landey gave his North Bend, Washington, address and telephone number to an investigating detective. |
| 12/9/87 | McCuen died in the hospital. |
| 1/19/88 | Landey's attorney made arrangements with the detective to inspect the vehicles involved in the accident. |
| Feb. 1988 | Landey informed his attorney that he was moving from North Bend to Maple Valley, Washington. The King County prosecutor was never informed of Landey's change of address. |
| 5/11/88 | Landey's attorney had a telephone conversation with the prosecutor concerning the release of McCuen's truck. |
| 5/24/88 | The prosecutor filed an information charging Landey with vehicular assault. The prosecutor's office prepared a letter addressed to Landey's North Bend address informing Landey of his June 2 arraignment date. An arrest warrant was also issued. |
| 6/2/88 | Landey failed to appear for arraignment. The prosecutor amended the charge to vehicular homicide. The prosecutor's office tried to telephone Landey with the telephone number he had given to the detective, but the number was no longer in service. |

| | |
|---|---|
| 6/8/88 | A warrants officer tried unsuccessfully to call Landey with the telephone number Landey had given to the detective. |
| 6/15/88 | The warrants officer tried to locate Landey through both the employment security and welfare offices, but was unsuccessful. He also used a reverse directory to try to locate Landey, but without success. |
| 9/12/88 | Landey was stopped by police in Maple Valley while out walking his dog. He was arrested on the outstanding warrant and then released on his personal recognizance pending arraignment. |
| 9/14/88 | Landey was arraigned during his first appearance before the court, 113 days after the prosecutor filed the information. Landey objected to the timeliness of the arraignment. |
| 10/7/88 | The court set Landey's trial date for December 1. Landey objected to this date as untimely under *Striker* and CrR 3.3. |
| 11/23/88 | The trial court dismissed the case with prejudice because of the delay in initially bringing Landey before the court to answer for the charge. |

A 113-day delay occurred between the time the State filed the information and the day Landey was arraigned. The trial court dismissed the vehicular homicide charge against Landey with prejudice under *Striker* and CrR 3.3 because of this delay. The Court of Appeals reversed the trial court. It held the 113-day delay was excluded from Landey's time for trial calculation because the State had acted in good faith and with due diligence in trying to bring Landey before the court. *State v. Landey,* 57 Wn. App. 527, 532, 789 P.2d 314 (1990). Landey now argues this court should reverse the Court of Appeals and reinstate the trial court's ruling dismissing his case with prejudice.

Landey was not in custody or subject to conditions of release at the time the State initially filed the information, and he remained out of custody after arraignment pending trial. CrR 3.3 thus required Landey to have been arraigned not later than 14 days after his first appearance before the court, and brought to trial not later than 90 days after his arraignment. CrR 3.3(c)(1).

Landey argues *Striker* applies to his case because of the delay that occurred in bringing him before the court, and the time period prior to his first appearance in court should be included in his time for trial calculation. In order to address this argument, we must first clarify how *Striker* continues to apply under the present CrR 3.3.

Under the present CrR 3.3, the defendant's arraignment date marks the start of the defendant's time for trial calculation. CrR 3.3(c)(1). A defendant who is not promptly arraigned must raise this objection at the time of his or her arraignment. CrR 3.3(e). A defendant's failure to raise such an objection at the time of arraignment results in a waiver of the objection. CrR 3.3(e). If a defendant waives his or her objection, the defendant's *actual* arraignment date is conclusively established as the starting point for the defendant's time for trial calculation. CrR 3.3(e).

Under *Striker,* a defendant may object to the timeliness of his or her arraignment if a long and unnecessary delay occurred in initially bringing the defendant before the court. An objection pursuant to *Striker* is accordingly the type of objection that must be brought to the court's attention at the time of arraignment or else be deemed waived under CrR 3.3(e).

In this case, Landey did raise an objection pursuant to *Striker* and CrR 3.3 to the timeliness of his arraignment on the day he was actually arraigned. The State accordingly does not argue Landey waived this objection.

If a trial court determines a defendant's objection to the timeliness of his or her arraignment is *correct,* the court will establish the defendant's constructive arraignment date based on the last day the defendant could have properly been

arraigned. CrR 3.3(e); CrR 3.3(c)(4). The defendant's time for trial calculation will then be deemed to have commenced on this constructive arraignment date. CrR 3.3(e).

We will now discuss how *Striker* applies in conjunction with the constructive arraignment provision. The court in *Striker* held the time for trial provisions in CrR 3.3 are deemed to operate from the time the information is filed where a long and unnecessary delay occurs in initially bringing a defendant before the court. *State v. Striker*, 87 Wn.2d 870, 875, 557 P.2d 847 (1976). At the time the court decided *Striker*, CrR 3.3 provided the date of a defendant's "preliminary appearance" before the court marked the start of the defendant's time for trial calculation. *See Striker*, at 871. The earliest date on which a defendant could make his or her preliminary appearance was on the day the information was filed. *Striker* therefore established, in effect, a constructive preliminary appearance date under former CrR 3.3 based on the date the information was filed.

■ The present CrR 3.3, however, provides for an additional 14-day period after the defendant's first appearance in court before the defendant must then be arraigned. CrR 3.3(c)(1). *Striker* therefore establishes under the present CrR 3.3 a constructive arraignment date of 14 days after the information was filed. A defendant's time for trial calculation is deemed to begin on this constructive arraignment date. When *Striker* applies under the present CrR 3.3, a defendant must be brought to trial 90 days after this constructive arraignment date, or a total of 104 days after the date the information was filed if he or she remains out of custody pending trial.

A 113-day delay occurred from the time the information was filed until the day Landey was arraigned. As a preliminary matter, we note the court has determined a delay of 45 days prior to a defendant's first appearance in court is sufficient to *initially* invoke consideration of *Striker. See State v. Carpenter*, 94 Wn.2d 690, 694, 619 P.2d 697 (1980). Shorter time periods may not be sufficient to initially invoke this consideration. *See, e.g., State v. Anderson,* 94 Wn.2d 176,

183, 616 P.2d 612 (1980). The 113-day delay in this case is sufficient to consider whether *Striker* and CrR 3.3 require the court to establish a constructive arraignment date.

We must now determine whether any part of the 113-day delay should be excluded from Landey's time for trial period in order to determine whether an undue delay actually occurred in this case. *Striker* does not apply to any period of delay resulting from any fault or connivance on the part of the defendant. *Striker,* at 872; *State v. Nelson,* 47 Wn. App. 579, 583, 736 P.2d 686, *review denied,* 108 Wn.2d 1024 (1987). The Court of Appeals held the delay in this case did *not* result from any fault or connivance on Landey's part. *See State v. Landey,* 57 Wn. App. 527, 530, 789 P.2d 314 (1990). The State has not sought review of this conclusion, and the question is thus not before the court. RAP 13.7(b).

We must next determine whether periods during which the prosecution acts in good faith and with due diligence in attempting to bring the defendant before the court are also excluded. Landey argues these time periods are no longer excluded under *Striker* and CrR 3.3, and the Court of Appeals erred in holding otherwise. We do not agree.

Under a prior version of CrR 3.3, periods of delay during which a defendant was "absent and thereby unavailable for trial" were excluded from the time for trial calculation. *See* former CrR 3.3(f) (1976). This provision was omitted from the rule in 1980. *See* 93 Wn.2d 1122 (1980). The courts had previously construed this provision and determined a defendant could not be deemed "absent and thereby unavailable" unless the prosecution exercised good faith and due diligence in trying to bring the defendant before the court. *State v. Peterson,* 90 Wn.2d 423, 428, 585 P.2d 66 (1978). The prosecution could not be deemed to have exercised good faith and due diligence if the defendant's whereabouts were known to the prosecution, and reasonable efforts were not taken to obtain his or her presence before the court. *Peterson,* at 428.

The continuing validity of the good faith and due diligence exception under the present CrR 3.3 was recognized by this court in *State v. Pacheco,* 107 Wn.2d 59, 65, 726 P.2d 981

(1986). In *Pacheco,* the court found the defendant was "lost to the prosecutor during the major portion of the time between the filing of the complaint and the defendant's arraignment". *Pacheco,* at 65. The court thus found "no lack of good faith or diligence" on the prosecutor's part. *Pacheco,* at 65.

The good faith and due diligence standard is consistent with the purpose behind *Striker,* CrR 3.3 and the criminal rules as a whole. The standard ensures a defendant who is amenable to process will be brought before the court in a timely manner to answer for the charge. The standard also acknowledges that some periods of delay may be unavoidable:

> In view of the difficulty of locating people in a modern urban society and the difficulty of proving that a defendant has been intentionally avoiding apprehension, [the lack of a good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases.

*State v. Miffitt,* 56 Wn. App. 786, 792, 785 P.2d 850, *review denied,* 114 Wn.2d 1026 (1990). *Striker* should *not* be construed as imposing an undue or impossible burden on law enforcement. Only unnecessary delay comes within the *Striker* rule. *Striker* does not require the court to establish a constructive arraignment date in cases where the prosecution acts in good faith and with due diligence in attempting to bring the defendant before the court to answer for the charge.

 ▮ Whether the prosecution acted in good faith and with due diligence necessarily turns on the facts of each individual case. *Miffitt,* at 793. Landey does not contest the trial court's determination that the State *did* act in good faith in trying to locate him. The remaining question is whether the State acted with due diligence.

In this case, the State prepared a letter addressed to Landey's last known address in accordance with an office policy of mailing letters to defendants who are not in custody when an information is filed in superior court. The prosecutor's office attempted to telephone Landey with the number Landey had initially given to the detective. A war-

rants officer also tried to telephone Landey and to find him through the use of reverse directories and inquiries to the employment security and welfare offices. The State acted in a timely manner on the information it had as to Landey's whereabouts, and these actions constitute due diligence.

██ Landey contends the State did not act with due diligence because it did not contact his attorney for information regarding Landey's whereabouts. The defendant in *State v. Perry*, 25 Wn. App. 621, 612 P.2d 4 (1980) raised a similar argument. In *Perry*, the State sent a summons to the address the defendant gave at the time of his arrest. The summons was returned as undeliverable; the defendant had moved without providing the State with his new address. *Perry*, at 622. The court held while the defendant, with hindsight, could have been located through his attorney or through his parents, the State had met its burden of a diligent good faith effort. *Perry*, at 623. The court agreed with the trial court's reasoning that:

> [L]aw enforcement agencies [are not required] . . . to physically go out and search the countryside for defendants who have either given the wrong address to the Court or who moved from that address without leaving forwarding information.

*Perry*, at 623. We agree the good faith and due diligence standard does not impose the burden of locating defendants who have failed to provide the prosecution with accurate information of their whereabouts.

If the State had contacted Landey's attorney for information regarding Landey's whereabouts, the defendant might have been brought before the court in a more timely manner. However, the State nonetheless *did* act in a timely manner on the information it had regarding the defendant's whereabouts, and this is sufficient to demonstrate due diligence.

The delay prior to Landey's arraignment is excluded from Landey's time for trial calculation because the State acted in good faith and with due diligence in attempting to bring Landey before the court. Landey was arraigned in a timely manner in compliance with CrR 3.3, and *Striker* did not

require the trial court to establish a constructive arraignment date.

Landey's September 14 arraignment date marks the start of the 90-day period during which Landey was to be brought to trial on the vehicular homicide charge. The defendant's original December 1 trial date was within 90 days of his arraignment date as required under CrR 3.3(c)(1). CrR 3.3 was not violated in this case. The Court of Appeals is affirmed, and this case is remanded to the trial court for further proceedings.

### III
### *STATE V. WEYLAND*

The following facts are relevant for our inquiry.

| DATE | TYPE OF ACTIVITY |
| --- | --- |
| 7/18/87 | Weyland escaped from the Cedar Creek Corrections Center with defendant Greenwood. |
| 8/3/87 | Weyland was arrested in Walla Walla and placed in the Washington State Penitentiary. |
| 9/17/87 | The Thurston County prosecutor filed an information charging Weyland with first degree escape. By this time, the Thurston County Sheriff's office had informed the prosecutor that the defendant was apprehended and in the Department of Corrections' custody. The prosecution took no action on this information. |
| 12/24/87 | The prosecutor's office received a letter from Weyland requesting final disposition of the escape charge. |
| 1/6/88 | Upon the State's motion, the trial court entered an order for Weyland's transfer from the penitentiary to the Thurston County Jail. |
| 1/20/88 | The defendant was arraigned during his first appearance before the court, 125 days after the information was filed. |

1/29/88 The defendant filed a motion to dismiss the charge with a supporting memorandum.

2/11/88 The trial court entered an order dismissing the charge against Weyland with prejudice because of the State's long delay in initially bringing Weyland before the court.

Weyland's case was consolidated with *Greenwood* before the Court of Appeals. *See State v. Greenwood*, 57 Wn. App. 854, 855, 790 P.2d 1243 (1990). The Court of Appeals held *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976) no longer applied to CrR 3.3, and the 125-day delay that resulted prior to Weyland's arraignment did not violate CrR 3.3. We reverse the determination that *Striker* no longer applies to CrR 3.3, and we now consider whether *Striker* and CrR 3.3 were violated in Weyland's case.

Weyland was in prison on another charge at the time the prosecutor filed the information charging him with first degree escape. The Court of Appeals concluded that because of this fact, Weyland was *not* "detained in jail or subjected to conditions of release" within the meaning of CrR 3.3(c)(1) for the purposes of the escape charge. *Greenwood*, at 858. The court thus concluded Weyland was to be arraigned within 14 days of the date of his first appearance before the court, and brought to trial within 90 days of his arraignment date. *Greenwood*, at 858-59. Weyland has not sought review of this determination, and the question is not before the court. RAP 13.7(b). The Court of Appeals determination on this issue remains the law of this case.

A 125-day delay occurred in bringing Weyland before the court for arraignment. This delay is sufficient to initially invoke consideration of whether *Striker* applies to this case. *See State v. Carpenter*, 94 Wn.2d 690, 619 P.2d 697 (1980).

We must inquire whether any of this 125-day period is excluded from Weyland's time for trial period to determine whether an undue delay actually occurred in this case. Periods during which the prosecution acts in good faith and with due diligence are excluded from a defendant's time for

trial calculation. *See State v. Pacheco,* 107 Wn.2d 59, 65, 726 P.2d 981 (1986). The State failed to offer *any argument whatsoever* that it acted in good faith and with due diligence in trying to bring Weyland before the court during any of this 125-day period. The State was informed that Weyland was in the Department of Corrections' custody at the time it filed the information. The State failed, however, to take *any* action on this information until over 3½ months had passed.

Any delay caused by the defendant's fault or connivance is also excluded from a defendant's time for trial calculation. *See Striker,* at 872. The State does not argue that any of the delay in this case was caused by any fault or connivance on Weyland's part. In fact, the record reflects Weyland even wrote to the prosecutor at some point during this 125-day delay to request that the prosecutor take some action on his case. Under these circumstances, we can only conclude the entire 125-day period remains a part of Weyland's time for trial calculation.

We must next determine whether Weyland can be deemed to have waived his objection to the timeliness of his arraignment. A defendant must state an objection to the timeliness of his or her arraignment at the time of the arraignment, or the objection is deemed waived. CrR 3.3(e).

The waiver provision contained in CrR 3.3(e) places responsibility on the defense to assert a timely objection to the date of arraignment. *State v. Raper,* 47 Wn. App. 530, 538, 736 P.2d 680, *review denied,* 108 Wn.2d 1023 (1987). The trial court has the responsibility of ensuring to each defendant a trial in accordance with CrR 3.3's time guidelines. CrR 3.3(a). In order for the trial court to carry out its responsibilities, objections pursuant to CrR 3.3 must be specific enough to alert the court to the type of error involved. *State v. Bernhard,* 45 Wn. App. 590, 600, 726 P.2d 991 (1986), *review denied,* 107 Wn.2d 1023 (1987).

At the time Weyland was arraigned, his attorney made the following statement:

> Your Honor, on Mr. Weyland's behalf and without waiving any rights he may have available under either the speedy filing rule or the speedy trial rule, I accept the information, waive reading of the Information as well as constitutional rights, and ask that a not guilty plea be entered.

Report of Proceedings, at 4. Even if we construe this statement as an objection to the timeliness of the *arraignment,* the defendant's attorney failed to state *any* basis for such an objection. In *Bernhard,* the defendant orally objected to the date of arraignment, but he gave no basis for his objection. Consequently, his objection was not specific enough to alert the trial court to the type of alleged error involved, and the court held he had therefore waived his objection to the arraignment date. *Bernhard,* at 600. Like the defendant in *Bernhard,* Weyland failed to give a basis for his objection specific enough to alert the court to the type of error alleged. However, unlike in *Bernhard,* the entire time for trial period had already elapsed by the time Weyland was brought before the court and arraigned.

The purpose of an objection pursuant to CrR 3.3(e) is to inform the trial court of an alleged error in order to permit timely correction of that error. *Bernhard,* at 600. Where the time for trial calculation has already expired, such an objection would not assist the court in setting a trial within the requirements of CrR 3.3. In such cases, a defendant cannot be deemed to have waived his or her objection. *See State v. Nelson,* 47 Wn. App. 579, 586, 736 P.2d 686, *review denied,* 108 Wn.2d 1024 (1987). Because Weyland was not brought before the court until after the time for trial period had elapsed, he cannot be deemed to have waived his objection.

The 125-day delay that occurred in this case prior to the defendant's arraignment was unduly long. The State failed to act in good faith and with due diligence in bringing Weyland before the court for arraignment, and the delay was not caused by any fault or connivance on Weyland's part. *Striker* therefore applies to this case and requires the

establishment of a constructive arraignment date of 14 days after the information was filed, or October 1. Weyland was not brought to trial within 90 days of this date.

A criminal charge not brought to trial within CrR 3.3's requirements shall be dismissed with prejudice. CrR 3.3(i). We therefore reverse the Court of Appeals, and we reinstate the trial court's ruling dismissing the charge against Weyland with prejudice.[2]

## IV
### STATE V. GREENWOOD

The following facts are relevant for our inquiry.

| DATE | TYPE OF ACTIVITY |
|---|---|
| 7/18/87 | Greenwood escaped from the Cedar Creek Corrections Center with defendant Weyland. |
| 9/14/87 | Greenwood was charged with assault. He was arrested and held in the Pierce County Jail on this charge. |
| 9/17/87 | The Thurston County prosecutor filed the information charging Greenwood with escape in the first degree. By this date, the Thurston County Sheriff's office had informed the prosecutor that the defendant was apprehended and incarcerated in the Pierce County Jail. |
| 11/16/87 | The defendant pleaded guilty to the assault charge. |
| 12/16/87 | The defendant was sentenced on the assault charge. |

---

[2]The State does not present any argument it acted in good faith and with due diligence during any of the 125-day period at issue in this case. We note, however, that the State raised a motion before the trial court to transport Weyland from the penitentiary to the Thurston County Jail 2 weeks prior to Weyland's arraignment, and this action was necessary to finally bring Weyland before the court to answer for the charge. Nevertheless, even if the time period after the State raised this motion is excluded from consideration, the delay in this case was still sufficient to require dismissal of the charge under *Striker* and CrR 3.3.

| | |
|---|---|
| 12/29/87 | Greenwood was transferred from the Pierce County Jail to the Washington Corrections Center at Shelton. |
| 2/4/88 | Upon the State's motion, the court entered an order to transport the defendant from Shelton to the Thurston County Jail. |
| 2/9/88 | Greenwood was arraigned on the escape charge during his first appearance before the court. His attorney objected to the timeliness of the arraignment. |
| 2/17/88 | The trial court set Greenwood's trial date for the week of April 4, 1988. |
| 3/16/88 | Greenwood moved for dismissal of the escape charge based on an alleged violation of CrR 3.3 and *Striker*. |
| 3/23/88 | The trial court denied Greenwood's motion to dismiss. |
| 4/5/88 | A stipulated agreement for a continuance was entered. |
| 4/12/88 | The defendant was found guilty on the escape charge after a bench trial. |

The Court of Appeals concluded that because Greenwood was in custody on another charge at the time the escape charge was filed, CrR 3.3(c)(1) required he be arraigned on the escape charge 14 days after his first appearance in court, and brought to trial within 90 days of his arraignment. *State v. Greenwood,* 57 Wn. App. 854, 858, 790 P.2d 1243 (1990). Greenwood, like defendant Weyland, does not seek review of this determination. The question is thus not before the court. RAP 13.7(b).

A 145-day period elapsed from the time the information was filed until the defendant's arraignment on the escape charge. The defendant contends that because of this delay, *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976) applies to his case.

In order to determine if *Striker* requires establishing a constructive arraignment date in this case, we must determine whether any of the delay after the filing of the information is excluded from the time for trial calculation. The entire period a defendant is involved in preliminary proceedings and trial on another charge is excluded from the time for trial calculation. CrR 3.3(g)(2). The time the defendant was involved in the assault charge is therefore excluded. The State and the defendant agree that if *Striker* applies, the time for trial calculation began on the day the defendant pleaded guilty to the assault charge.

The defendant's arraignment occurred 85 days after his guilty plea. The State has failed to put forth any argument that it acted in good faith and with due diligence in trying to bring the defendant before the court during this time period. Nor does the State argue any of this delay resulted from any fault or connivance on Greenwood's part. Thus, the entire 85-day period remains a part of the time for trial calculation.

Unlike in *Weyland,* the time for trial period had not elapsed by the time the defendant's arraignment occurred. We must therefore determine whether Greenwood waived any objection he may have had to the timeliness of his arraignment.

The following statements were made at the time of Greenwood's arraignment:

THE COURT: Is it fair to say that you don't have any money to pay a lawyer?
DEFENDANT: Yes, ma'am.
THE COURT: I advise you to have a lawyer.
DEFENDANT: Is this just a — can I — I can't make a plea today, or anything like that?
THE COURT: No.
DEFENDANT: I guess I need a lawyer. All I want to do is get this over with and get back.
THE COURT: I understand. I'll appoint Miss Harrison to represent him. She's not here right now, but she will be in the jail, and she can talk to you. . . .
(The prosecutor serves a certified copy of the information on the defendant and reads the charging language.)
THE COURT: I'm going to enter a plea of not guilty on the record for you.

Miss Harrison has just come back into the courtroom. I would like you to know, Miss Harrison, that I have appointed you to represent Mr. Greenwood. Mr. Greenwood is charged with escape, as you can see, and I have entered the plea of not guilty. The information has been read to him.

Would you waive a reading of the constitutional rights?

DEFENDANT'S ATTORNEY: Yes, Your Honor.

(The Court and the defendant's attorney discuss whether the defendant should remain in jail or be returned to prison pending resolution of the escape charge.)

DEFENDANT'S ATTORNEY: Your Honor, for the record, I would like to indicate that Mr. Greenwood is not giving up any rights he might have available to him either under the speedy filing, or the speedy trial rule. If that is not available to us, *I will object to the arraignment.*

PROSECUTOR: I believe the case law requires the defense attorney to state her grounds.

DEFENDANT'S ATTORNEY: I haven't spoken to Mr. Greenwood, but it might appear that *he has been in custody continually until this time, and in time the prosecutor's office has probably had knowledge of where he is, or where he has been, for some time.*

I'm not sure that is the case, because I haven't spoken with him, but I don't believe it's necessary for me to state my grounds at this time.

THE COURT: Everyone has made a record. We'll go on then to the next case.

(Italics ours.) Report of Proceedings, at 3-6.

Objections pursuant to CrR 3.3 must be specific enough to alert the court to the type of error involved. *State v. Bernhard,* 45 Wn. App. 590, 600, 726 P.2d 991 (1986), *review denied,* 107 Wn.2d 1023 (1987). The defendant's attorney objected to the arraignment. She pointed out the defendant had been in custody for some time prior to the arraignment, and the State probably had knowledge of the defendant's location prior to the arraignment. This implies the delay may have resulted from a lack of due diligence on the State's part. Because the defendant arguably alerted the court to the untimeliness of the arraignment, we find the defendant did preserve his objection.

The 85-day delay was sufficient to require the court to establish a constructive arraignment date. When *Striker*

applies under the present CrR 3.3, the constructive arraignment date would normally be set at 14 days after the information was filed. In this case, however, the period prior to Greenwood's guilty plea on the assault charge is excluded from consideration. Greenwood's constructive arraignment date is thus 14 days after the date of his guilty plea, or November 30. The defendant's trial should have commenced within 90 days of this date, or by February 28. On February 17, the trial court set Greenwood's trial date for sometime in early April.

The next determination is whether the defendant waived any further objection by not making a timely objection to the trial date set by the court. CrR 3.3(f)(1) provides in part:

> A party who objects to the date set upon the ground that it is not within the time limits prescribed by [CrR 3.3] must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits. *Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date . . ..*

(Italics ours.) Greenwood failed to object to his trial date until almost 1 month after the trial court set the date. Under CrR 3.3(f)(1), the defendant therefore waived his objection to the timeliness of his trial.

We note CrR 3.3's time for trial provisions are procedural rules providing defendants with a right which is separate from the constitutional right to a speedy trial. *See State v. White,* 94 Wn.2d 498, 501, 617 P.2d 998 (1980). A waiver of CrR 3.3's time for trial requirements does not constitute a waiver of one's constitutional right to a speedy trial. Greenwood does not allege a violation of his constitutional right to a speedy trial.

We affirm the Court of Appeals, but on the ground that Greenwood waived his objection to the trial date.

## V
*STATE V. THOMPSON*

The following facts are relevant for our inquiry.

612

<table>
<tr><td>DATE</td><td>TYPE OF ACTIVITY</td></tr>
<tr><td>7/6/88</td><td>The Klickitat County prosecutor filed an information charging the defendant with two counts of delivery of a controlled substance. A warrant was issued for the defendant's arrest. Law enforcement officers attempted to serve the warrant at Thompson's sister's residence.</td></tr>
<tr><td>7/7/88</td><td>Thompson's father informed the officers that the defendant was incarcerated in the Chelan County Jail. A teletype was sent by the Klickitat County Sheriff's office to the Chelan County Jail instructing the Jail to "hold" the defendant.</td></tr>
<tr><td>9/7/88</td><td>Thompson was transported from the Chelan County Jail to the Klickitat County Jail.</td></tr>
<tr><td>9/19/88</td><td>The defendant made his first appearance before the Klickitat County Superior Court on the two delivery charges.</td></tr>
<tr><td>9/29/88</td><td>The defendant was arraigned 85 days after the information was filed. He did not raise an objection to the timeliness of his arraignment. Thompson was released from custody pending trial.</td></tr>
<tr><td>11/28/88</td><td>The trial court set the defendant's trial date for December 20, 1988.</td></tr>
<tr><td>12/12/88</td><td>The trial court granted the defendant's motion for a continuance of the trial date to January 5, 1989.</td></tr>
<tr><td>1/3/89</td><td>Thompson filed a motion to dismiss on the grounds that CrR 3.3 had been violated.</td></tr>
<tr><td>1/4/89</td><td>The trial court denied the motion to dismiss, finding that the defendant had waived any objection at the time of arraignment.</td></tr>
<tr><td>1/5/89</td><td>The defendant was found guilty, after a jury trial, on both counts.</td></tr>
</table>

The Court of Appeals concluded that because Thompson was in jail on an unrelated conviction at the time the information was filed, he was not "detained in jail" within the meaning of CrR 3.3(c)(1). The Court of Appeals accordingly concluded CrR 3.3 required Thompson be arraigned on the two delivery charges within 14 days after his first appearance in superior court, rather than 14 days after the information was filed. *State v. Thompson,* 57 Wn. App. 688, 690, 790 P.2d 180 (1990). Thompson does not seek review of this conclusion, and the issue is not before the court. RAP 13.7(b). Because Thompson was released from custody at the time he was arraigned, the 90-day time for trial period applies in his case. *See* CrR 3.3(c)(1).

Thompson's arraignment occurred 85 days after the date the information was filed. He argues *Striker* should apply because of this delay.

The defendant, however, failed to enter any objection to the 85-day delay at the time of his arraignment. Thompson argues his attorney did not know at the time of Thompson's arraignment that a basis existed for an objection. The attorney was not told until sometime after the arraignment that the law enforcement officials were informed of Thompson's whereabouts the day after they attempted to serve the warrant. Thompson argues this fact provided a basis for an objection to the timeliness of the arraignment. He maintains that because the law enforcement officials knew where he could be located, the State did not act with due diligence in trying to bring him before the court for arraignment.

CrR 3.3(e)'s waiver provision, however, places responsibility on the defense to assert a timely objection to the date of arraignment. *State v. Raper,* 47 Wn. App. 530, 538, 736 P.2d 680, *review denied,* 108 Wn.2d 1023 (1987). The purpose of an objection is to inform the trial court of an alleged error in order to permit timely correction of that error. *Bernhard,* at 600. In order to assist the trial court in setting a timely trial date, the defendant had the responsibility at the time of arraignment of discerning whether a basis existed for an objection to the arraignment date. The defendant's failure to assert a basis at that time constituted a waiver.

*Striker* does not require establishing a constructive arraignment date in this case because of this waiver. The defendant's actual arraignment date of September 29 is conclusively established as the starting point for the defendant's time for trial calculation. CrR 3.3(e). The court scheduled the defendant's trial to take place on December 20, 82 days after the starting point of the defendant's time for trial calculation. The court granted the defendant a continuance from December 20 to January 5. A period of delay properly granted by the court is excluded from the time for trial calculation. CrR 3.3(g)(3); CrR 3.3(h). The period of delay from December 20 to January 5 is therefore excluded. The defendant was brought to trial within the 90-day time period, and the jury found Thompson guilty on both counts on January 6. CrR 3.3's time for trial provisions were not violated.

 Thompson raises the issue of whether his right to a speedy trial under the Washington State Constitution was violated. However, he offers no briefing whatsoever in support of this contention. Without proper briefing, the court will not reach the issue. *See World Wide Video, Inc. v. Tukwila,* 117 Wn.2d 382, 390, 816 P.2d 18 (1991) (citing *State v. Gunwall,* 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986)), *cert. denied,* ___ U.S. ___, 118 L. Ed. 2d 391, 112 S. Ct. 1672 (1992). Thompson does not argue his right to a speedy trial under the United States Constitution was violated.

The defendant waived his objection to the timeliness of the arraignment. He was therefore brought to trial within CrR 3.3's time requirements. The Court of Appeals is affirmed.

## VI

### CONCLUSION

*Striker* continues to apply under the present CrR 3.3, and the Court of Appeals determination to the contrary in *State v. Greenwood, supra,* is overruled. A defendant may object to the timeliness of his or her arraignment if a long and unnecessary delay occurred in initially bringing the defendant before the court to answer for the charge. A defendant must raise an objection pursuant to *Striker* at the time of arraignment, and the failure to do so will ordinarily waive the objection.

If the trial court determines the defendant is correct in his or her objection under *Striker,* the court will establish the constructive arraignment date of 14 days after the information was filed. This date will then mark the start of the defendant's 90-day time for trial period in cases where the defendant remains out of custody after arraignment pending trial.

However, the court will not establish a constructive arraignment date if the delay was caused by any fault or connivance on the defendant's part, or if the prosecution acted in good faith and with due diligence in attempting to bring the defendant before the court. This good faith and due diligence standard should not be construed as imposing the burden of locating a defendant who has failed to provide the prosecution with accurate information regarding his or her whereabouts.

We affirm the Court of Appeals in *State v. Landey, supra.* The trial court erred in dismissing the vehicular homicide charge against Landey because the State acted in good faith and with due diligence in attempting to bring him before the court to answer for the charge. We affirm the result reached by the Court of Appeals in *State v. Greenwood, supra,* and *State v. Thompson, supra.* These defendants failed to preserve their objections to the timeliness of their proceedings, and their convictions are affirmed. We reverse the Court of Appeals in *State v. Weyland, supra.* The State did not act in good faith and with due diligence in attempting to bring Weyland before the court. The delay that resulted in Weyland's case was not attributable to any fault or connivance on Weyland's part, and we find this delay violated CrR 3.3 and *Striker.*

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.

Reconsideration denied June 22, 1993.