63 P.3d 834 (2003)
115 Wash.App. 726
STATE of Washington, Respondent,
v.
William Doren CHENOWETH, Appellant.
No. 20550-9-III.
Court of Appeals of Washington, Division 3, Panel Ten.
February 20, 2003.
*836 Janet G. Gemberling, Spokane, WA, for Appellant.
Kenneth L. Ramm, Deputy Prosecuting Attorney, Yakima, WA, for Respondent.
*835 BROWN, C.J.
Ten months after the State filed multiple sex offense charges, and nine months after his formal arraignment, William Doren Chenoweth unsuccessfully moved to dismiss for a speedy trial violation. Under a constructive arraignment analysis, the trial court decided Mr. Chenoweth waived his speedy trial rights. Mr. Chenoweth was then convicted at a stipulated facts trial under an amended information charging a single count of third degree assault with sexual motivation. Mr. Chenoweth appealed the speedy trial decision. Conceding a lack of prejudice, Mr. Chenoweth contends he was not arraigned for speedy trial purposes because the trial court failed to ask him to enter a plea until his later arraignment on the amended information. We disagree, and hold the first day of formal arraignment, like the first day a matter is called for trial, is the focus of speedy trial calculations. Because the waiver argument hinges upon the outcome of the arraignment question, we affirm.

FACTS
On February 2, 2000, the State filed an information charging Mr. Chenoweth with two counts of second degree child molestation, and one count of second degree incest. An arrest warrant issued. Law enforcement authorities did not immediately locate Mr. Chenoweth, who had taken a job in Chelan County and was unaware of the information and arrest warrant. Although the record may have been disputed regarding whether local officials should have known where to locate Mr. Chenoweth earlier, the parties reached a stipulation regarding pre-accusatory delay, which was accepted by the trial court. In any event, On March 23, Mr. Chenoweth returned to the United States after a nine-day vacation and was arrested during the customs process by Port of Seattle officers. On March 28, the State transported Mr. Chenoweth to Yakima County. Mr. Chenoweth posted bail and secured his release on March 29.
Mr. Chenoweth appeared without counsel in the Yakima County Superior Court on March 30. The court informed Mr. Chenoweth the purpose of the hearing was arraignment. The trial court then (1) reviewed Mr. Chenoweth's constitutional rights, including his right to a speedy trial, (2) required the charges to be read to him, (3) confirmed he understood the nature of the charges, (4) gave him a copy of the charges, (5) appointed an attorney for him, (6) reviewed his bail status, (7) set hearing dates, including a May 22 trial date, and (8) asked Mr. Chenoweth if he had any questions. In response, Mr. Chenoweth thanked the court for appointing counsel and inquired about retaining counsel and travel restrictions. The trial court related that appointed counsel would continue as Mr. Chenoweth's counsel until a notice of appearance from private counsel. The court *837 did not specifically ask Mr. Chenoweth to plead to the charges, but proceeded on a not guilty basis as is apparently customary in Yakima County.
On May 16, the trial court granted Mr. Chenoweth a trial date continuance to July 17. On July 13, the trial court granted both parties a trial date continuance until October 9. On October 5, the trial court granted both parties a trial date continuance until December 11. On December 6, Mr. Chenoweth moved to dismiss for violation of his speedy trial right, contending in part, the trial court lacked jurisdiction because he was never arraigned.
On December 8, the State stipulated to charging one count of third degree assault with sexual motivation. Pursuant to the stipulation, the trial court dismissed all other charges. The stipulation preserved Mr. Chenoweth's claim of a speedy trial violation and noted the preaccusatorial delay issue was relevant "only to the issue of diligence as related to the speedy trial issue." Clerk's Papers at 52. Further, Mr. Chenoweth conceded a lack of actual prejudice and no due process violation with regard to the pre-accusatorial delay.
On the December 11 trial date, the trial court took Mr. Chenoweth's testimony on the speedy trial issue and rendered its ruling on December 12. The trial court reasoned Mr. Chenoweth's speedy trial period ended on May 16, 104 days from the information filing date within speedy trial limits. The trial court reasoned Yakima County has a "bifurcated arraignment date" procedure beginning with appointment of counsel, advisement of rights, and setting a trial date. Record of Proceedings (RP) (Dec. 12, 2000) at 4. Under the procedure, the court recognized no plea was taken from Mr. Chenoweth because the court "assumes" a not guilty plea. Id. Then it reasoned:
Under this peculiar set of circumstances the Court believes it has the power to set a constructive arraignment date even though the defendant did not raise the objection to the actual arraignment date. All the defendant would be entitled to had he been able to raise the objection would have been a constructive arraignment date of May 16, which the Court feels is appropriate and can be allowed. Under the procedure used by Yakima County this court must grant him that date even though he failed to object for no fault of his own. The Court believes that the defendant has not been prejudiced if this is done.
RP (Dec. 12, 2000) at 4-5.
Regarding the May 16 speedy trial waiver, the trial court reasoned no evidence showed counsel waived the trial date without Mr. Chenoweth's consent and he had signed the waiver. The court discussed the course of continuances, all approved by Mr. Chenoweth, and reasoned no prejudice existed, The trial court denied Mr. Chenoweth's motion to dismiss. Immediately upon ruling, the State filed an amended information pursuant to the stipulation. Mr. Chenoweth pleaded not guilty to the amended charge. Following conviction under the stipulated facts, Mr. Chenoweth appealed.

ISSUES
The deciding issue is whether, using a constructive arraignment analysis, the trial court erred in denying Mr. Chenoweth's motion to dismiss for violation of his speedy trial right under Washington procedural law on the basis of waiver. However, we must first discuss the unique threshold issue of whether Mr. Chenoweth was sufficiently or adequately arraigned for purposes of the speedy trial analysis.

ANALYSIS

A. Arraignment
Our analysis requires interpretation of several court rules. The application of court rules to a particular set of facts is a question of law subject to de novo review. Wiley v. Rehak, 143 Wash.2d 339, 343, 20 P.3d 404 (2001). We interpret court rules as though the Legislature drafted them. State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993). Accordingly, we apply rules of statutory interpretation in deriving the meaning of court rules. Id.
A defendant in custody or subject to conditions of release is to be arraigned not later *838 than 14 days after filing of the information. CrR 3.3(c)(1). Ordinarily, a defendant not in custody is to be arraigned not later than 14 days after his or her first appearance in superior court after the filing of the information. Id.
Under current application of the Striker rule, the trial court will set a constructive arraignment date not later than 14 days after the filing of the information where a long and unnecessary delay exists in bringing a defendant amenable to process before the court for arraignment. Greenwood, 120 Wash.2d at 599, 845 P.2d 971; State v. Striker, 87 Wash.2d 870, 875, 557 P.2d 847 (1976). The Striker rule does not apply to "periods during which the prosecution acts in good faith and with due diligence in attempting to bring the defendant before the court." State v. Hudson, 130 Wash.2d 48, 54, 921 P.2d 538 (1996) (citing Greenwood, 120 Wash.2d at 601, 604-05, 845 P.2d 971). "Additionally, any delay caused by the defendant's fault or connivance is also excluded from the time for trial calculation." Hudson, 130 Wash.2d at 54, 921 P.2d 538 (citing Greenwood, 120 Wash.2d at 600, 605, 845 P.2d 971; Striker, 87 Wash.2d at 872, 557 P.2d 847). "When Striker applies under the present CrR 3.3, a defendant must be brought to trial 90 days after this constructive arraignment date, or a total of 104 days after the date the information was filed if he or she remains out of custody pending trial." Greenwood, 120 Wash.2d at 599, 845 P.2d 971.
Here, the trial court at the December 12, 2000 hearing reasoned Striker applied. It recognized May 16, 2000 as within the 104 day speedy trial limit. February 16, 2000 is the 14 day constructive arraignment date following information filing on February 2, plus 90 days because Mr. Chenoweth was out of custody.
Consistent with his stipulation, Mr. Chenoweth solely asserts he was not arraigned until December 12, when he pleaded not guilty to the amended charge. The State responds he was arraigned for all practical purposes at the March 30, 2000 hearing. Consistent with its stipulation, the State did not cross-appeal the constructive arraignment date determination. Thus, consistent with the parties' stipulation, the issues of the State's pre-accusatory delay and Mr. Chenoweth's amenability to process are not before us. In any event, the trial court reasoned it made no difference in its analysis of the speedy trial issue; it reasoned the March arraignment hearing was adequate and inferred a plea of not guilty.
The court set the February 16 constructive arraignment date for speedy trial calculations because it decided the March 30 hearing was unnecessarily delayed. The speedy trial clock would ordinarily start running from that date. See Greenwood, 120 Wash.2d at 599, 845 P.2d 971. In this connection, Mr. Chenoweth contends he was not arraigned at all until December 12, 2000. He argues for purposes of time of trial calculation under CrR 3.3, the court rules define an arraignment as "the date on which a plea is entered to the charge." CrR 3.3(c)(6). Within 15 days after of the defendant's "actual arraignment," or at the omnibus hearing, the trial court is to set the trial date. CrR 3.3(f)(1).
However Mr. Chenoweth's argument partly confuses a "constructive arraignment" with an "actual arraignment." The former is required because of theoretical speedy trial necessities, while the latter is a reality; both can, and normally do occur in one case. A defendant does not enter a plea on a constructive arraignment date. Further, Mr. Chenoweth fails to recognize the practical realities of common situations where formal actual arraignment is initiated and largely completed, but otherwise extended, with or without a plea, for a multitude of reasons. For example, an accused may choose to remain mute or await the attendance of counsel.
Consistent with the interests of justice and the presumption of innocence, in situations like here it is common practice for trial courts to infer a not guilty plea without prejudice to the accused to later raise speedy trial issues. No prejudice is shown. If we were to adopt a rule calculating speedy trial limits from the time when the last arraignment act occurs, it would undermine speedy trial principles by extending the time available for the State to bring an accused to trial.
*839 The better rule when making speedy trial calculations in these situations is to focus on the first day of formal arraignment and compare that to the first day a case is called for trial, normally the first day of trial. Here, the trial court properly entered a formal arraignment order on March 30, after completing all but the plea.
Ordinarily, a defendant objecting to the date of arraignment "must state the objection to the court at the time of the arraignment." CrR 3.3(e). If the court agrees, it must fix the date of arraignment pursuant to CrR 3.3(c), and then calculate the time for trial from that date. CrR 3.3(e). "Failure of a party to object as required shall be a waiver of the objection, and the date of arraignment shall be conclusively established as the date upon which the defendant was actually arraigned." Id.
In contrast to CrR 3.3, the rule governing arraignment procedures does not expressly require the trial court to ask the defendant to enter a plea. CrR 4.1. The rule provides procedures for appointment and waiver of counsel. CrR 4.1(b), (c). And CrR 4.1 requires identification of the defendant and a reading of the charging document. CrR 4.1(d), (e). But asking the defendant to plead is not written into the rule. As the Supreme Court observed, "[t]he arraignment procedure essentially consists of ascertaining the defendant's name, advising the defendant of certain rights including the right to counsel, and informing the defendant of the charges that have been filed." State v. Frazier, 99 Wash.2d 180, 184, 661 P.2d 126 (1983) (citing CrR 4.1(b)-(e)).
Notwithstanding CrR 4.1's silence on pleas, CrR 4.2(a) states, "[a] defendant may plead not guilty, not guilty by reason of insanity or guilty." And, an arraignment statute provides: "In answer to the arraignment, the defendant may move to set aside the indictment or information, or he may demur or plead to it, and is entitled to one day after arraignment in which to answer thereto if he demand[s] it." RCW 10.40.060. Further, the Supreme Court, citing CrR 4.2(a) and RCW 10.40.060, held a defendant's right to plead guilty "has been established by Supreme Court rule." State v. Martin, 94 Wash.2d 1, 4, 614 P.2d 164 (1980). While a criminal defendant can plead not guilty, considering the presumption of innocence in every case, it is not surprising we have found no case specifically requiring a defendant to actually enter a not guilty plea.
The Yakima County local rules provide some guidance. "The failure to enter any plea prior to trial shall be construed as a plea of not guilty." Yakima County LCrR 4.2(a). Here, the trial court reasoned in part that the local rules allowed it to infer a not guilty plea. The March 30 hearing complied substantially with CrR 4.1. The trial court assigned Mr. Chenoweth counsel. CrR 4.1(b). Mr. Chenoweth identified himself. CrR 4.1(d). And the deputy prosecutor read the information to Mr. Chenoweth and he indicated his understanding of the charges against him. CrR 4.1(e). No wavier of counsel problems exist here; Mr. Chenoweth indicated he would later replace assigned counsel with his own lawyer, if he could afford to do so. CrR 4.1(c). Given all, we conclude the formal arraignment properly initiated and satisfied speedy trial purposes as an actual arraignment under our rule for calculating the limits from the first day of formal arraignment to the day the matter is called for trial.
In any event, the trial court set a constructive arraignment date 14 days after the filing date of the information. Greenwood, 120 Wash.2d at 599, 845 P.2d 971. The constructive arraignment date worked in Mr. Chenoweth's favor. Had the trial court determined Mr. Chenoweth waived his time-of-trial challenge under CrR 3.3(e), it would have fixed the arraignment date on March 30. That arraignment date would have nullified Mr. Chenoweth's challenge to the May 22 trial date. In essence, the trial court proceeded as if Mr. Chenoweth had timely objected under CrR 3.3(e). Finally, Mr. Chenoweth shows no prejudice, even assuming an incomplete arraignment on March 30.

B. Speedy Trial
At the March 30 arraignment hearing, the trial court set a trial date of May 22. Mr. Chenoweth moved on May 9 to continue, *840 so counsel would have more time to prepare and because he was negotiating a settlement with the State. The trial court granted the motion on May 16. Subsequent continuance motions pushed the trial date to December 11. Mr. Chenoweth finally objected to the trial date on December 6. At the December 12 hearing, the trial court set a constructive arraignment date of February 16. This resulted in a speedy trial date of May 16, six days earlier than the trial date.
Once the trial court sets the initial trial date, and sends notice to the parties, the defendant has 10 days in which to object and move to have case reset within the speedy trial period. CrR 3.3(f)(1). While Mr. Chenoweth complains he did not have counsel present at the March 30 hearing, he thanked the court for appointing counsel and merely expressed his intent to retain private counsel. Although an alert counsel might have identified the potential speedy trial issue and filed a timely objection, no prejudice is shown because the court did allow the objection when setting the constructive arraignment date. Thus, this part of Mr. Chenoweth's argument fails. Along the same lines, the stipulation limits consideration of the State's veiled pre-accusatory delay arguments.
A potential speedy trial problem is "a primary theory of defense" in the early stages of a criminal prosecution. State v. Thompson, 57 Wash.App. 688, 695, 790 P.2d 180 (1990), aff'd, sub. nom. State v. Greenwood, 120 Wash.2d 585, 845 P.2d 971 (1993). "Counsel must be charged with the knowledge he can readily acquire from this client." Id. Accordingly, "as part of protecting a client's speedy trial rights, defense counsel has an affirmative duty to investigate those easily ascertainable facts that are relevant to setting the trial date within the speedy trial period." State v. Malone, 72 Wash.App. 429, 435, 864 P.2d 990 (1994). "If an untimely speedy trial objection is made because of the failure to discover such easily ascertainable facts, it will be deemed waived." Id.
Mr. Chenoweth had personal knowledge of the arraignment hearing. Counsel could have uncovered the information needed to support a timely objection and motion. See Thompson, 57 Wash.App. at 695-96, 790 P.2d 180. Mr. Chenoweth complains generally he and counsel never discussed the issue. However, "[Counsel] need only have briefly questioned his client to acquire sufficient information to raise the objection. His failure to do so precludes a subsequent attempt to do so on appeal." Id.
By failing to capitalize on readily ascertainable facts indicative of a potential speedy trial problem, Mr. Chenoweth waived his speedy trial objection under CrR 3.3(f)(1). See Malone, 72 Wash.App. at 436, 864 P.2d 990. A defendant can avoid a CrR 3.3(f)(1) waiver if he or she relies on a properly briefed constitutional theory. See Greenwood, 120 Wash.2d at 614, 845 P.2d 971. But Mr. Chenoweth cannot escape a waiver as his briefing fails to address the constitutional dimensions of this issue. Id.
Our discussion of the continuances assumes the constructive arraignment date was properly determined because the State did not cross-appeal. The State contends Mr. Chenoweth cured any potential timely trial violation when he waived his speedy trial right on May 9 in support of the May 16 motion and order continuing the trial date to July 17. A delay granted by the trial court pursuant to CrR 3.3(h) is excluded from the time of trial period. CrR 3.3(g)(3). Here, the trial court's order expressly continued the trial from May 22 to July 17. This remaining question is whether the period after the subsequently established speedy trial deadline of May 16 to the original trial date of May 22 fell within the CrR 3.3(g)(3) exclusion period.
Without citation to controlling authority, apart from CrR 3.3, Mr. Chenoweth argues the trial court's continuance order "does not exclude the period from May 16 to May 22." Appellant's Brief at 6. In his pro se briefing, Mr. Chenoweth relies on State v. Chandler, 143 Wash.2d 485, 21 P.3d 286 (2001) for the proposition that a continuance cannot bridge the gap between the expiration of the speedy trial date and a later trial date. Chandler is distinguishable because it pertains specifically to application of the speedy trial rules in the context of juvenile court rules. Mr. Chenoweth has not shown the rule established in Chandler applies by analogy to the situation here.
*841 In a novel pro se issue, Mr. Chenoweth asserts the May 16 and subsequent continuances were invalid because the trial court did not find "substantial and compelling reasons" for the continuance. RCW 10.46.085. That statute states:
When a defendant is charged with a crime which constitutes a violation of RCW 9A.64.020 or chapter 9.68, 9.68A, or 9A.44 RCW, and the alleged victim of the crime is a person under the age of eighteen years, neither the defendant nor the prosecuting attorney may agree to extend the originally scheduled trial date unless the court within its discretion finds that there are substantial and compelling reasons for a continuance of the trial date and that the benefit of the postponement outweighs the detriment to the victim. The court may consider the testimony of lay witnesses and of expert witnesses, if available, regarding the impact of the continuance on the victim.
RCW 10.46.085.
While the statute may have some application to this case because the State charged Mr. Chenoweth with violations of chapter 9A.44 RCW, and because the trial court did not make the necessary findings, any error was invited. Mr. Chenoweth requested the continuance he now attacks. Under the doctrine of invited error, Mr. Chenoweth cannot set up an error at the trial court and then complain of it on appeal. In re Pers. Restraint of Thompson, 141 Wash.2d 712, 713, 10 P.3d 380 (2000). Further, Mr. Chenoweth raises this issue for the first time on appeal. RAP 2.5(a). And Mr. Chenoweth has not asserted a basis for review under RAP 2.5(a)(3). Accordingly, we decline to address the potential issue.

CONCLUSION
Mr. Chenoweth was properly arraigned. Under these facts, Mr. Chenoweth waived the timeliness issue.
Affirmed.
WE CONCUR: KURTZ and KATO, JJ.